MCH 2012R00501

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND** 2013 JUN 25 P 4: 07

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. JFM-13-0334 |
| | : |
| | : (Conspiracy, 18 U.S.C. § 371; False |
| | : Statements in Connection with the |
| v. | : Acquisition of a Firearm, 18 U.S.C. |
| | : § 922(a)(6); False Statements With |
| | : Respect to Licensed Dealer |
| JEFFREY GREGORY | : Records, 18 U.S.C. § 924(a)(1); |
| | : Possession of a Firearm by a |
| | : Previously Convicted Felon, 18 |
| | : U.S.C. § 922(g)(1); Aiding and |
| | : Abetting, 18 U.S.C. § 2) |

...ooOoo...

**INDICTMENT**

**COUNT ONE**
(Conspiracy)

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times material to this Indictment:

1.      Defendant **JEFFREY GREGORY**, was a resident of Baltimore County,

Maryland and had previously been convicted of crimes punishable by a term of imprisonment

exceeding one year.

2.      Just Guns, located at 7715 Harford Road, Baltimore, Maryland (hereinafter

"Just Guns"), and Christian Soldier, located at 9002-B Harford Road, Parkville, Maryland

(hereinafter "Christian Soldier"), were each federal firearms "licensed dealers", as that term is

defined in Chapter 44, Title 18, United States Code.

3.      The Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") was a

federal agency responsible for, among other things, enforcement of regulations relating to the

purchase and possession of weapons. In order to purchase firearms, a buyer must truthfully complete an ATF Federal Form 4473 (Firearms Transaction Record Part I - Over-the-Counter). Federal firearms licensed dealers are required to keep and maintain records of the ATF Forms 4473 in connection with each transaction involving a firearm.

4.      An illegal or "straw purchase" occurs when an individual, who is ineligible to lawfully purchase a firearm, solicits another to conduct the transaction, complete the ATF Form 4473 in the middleman's name, and make any other statements necessary to make the federal firearms licensed dealer believe that the middleman is the true buyer of the firearm. The Form 4473 notifies the buyer that such purchases are unlawful. In each form, the buyer is asked "[a]re you the actual transferee/buyer of the firearm ....?" The question is followed by a warning in bold print that states: "Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person." On the form 4473, the purchaser is also referred to the instructions for answering this question, which provides simple examples of permissible and impermissible purchases. Finally, the buyer's certification explicitly states that falsely answering "yes" to the actual buyer question is a crime punishable as a felony.

### Manner and Means of the Conspiracy

5.      It was a part of the conspiracy that defendant **JEFFREY GREGORY** instructed a co-conspirator to purchase firearms on behalf of **JEFFREY GREGORY**, in exchange for **JEFFREY GREGORY** providing a quantity of narcotics to the co-conspirator.

6.      It was further a part of the conspiracy that the co-conspirator completed applications for the purchase of firearms, paid application fees, and made false statements on said applications.

7.      It was further a part of the conspiracy that defendant **JEFFREY GREGORY**

2

received firearms from the co-conspirator following the co-conspirators's receipt of the firearms obtained as a result of the coconspirator's submission of applications containing false statements.

8.      It was further a part of the conspiracy that defendant **JEFFREY GREGORY** provided narcotics to the co-conspirator as payment for the co-conspirator's assistance in acquiring the firearms.

### The Charge

9.      From in or about January 2008 through 2009, in the District of Maryland, the defendant,

### JEFFREY GREGORY,

did knowingly and willfully conspire and agree with others known and unknown to the Grand Jury, to commit an offense against the United States, that is:

a.      to make false and fictitious written statements, in connection with the acquisition and attempted acquisition of firearms from federal firearms licensed dealers, which were intended and likely to deceive such dealers with respect to any fact material to the lawfulness of the sale and other disposition of such firearm and ammunition under the provision chapter 44 of Title 18, United States Code, in violation of Title 18, United States Code, Section 922(a)(6); and

b.      to make a false statement and representation to a licensed dealer of firearms, as defined in chapter 44, Title 18, United States Code, pertaining to information that the law required the licensed dealer to keep, in violation of Title 18, United States Code, Section 924(a)(1).

## Overt Acts

10.     During the course of and in furtherance of the conspiracy, and to effect the object thereof, at least one of the conspirators committed or caused to be committed at least one of the following acts, among others, in the District of Maryland and elsewhere:

a.     On or about January 4, 2008, **JEFFREY GREGORY** accompanied a co-conspirator to Just Guns.

b.     On or about January 4, 2008, **JEFFREY GREGORY** selected and helped to select a firearm that a co-conspirator would assist him in obtaining from Just Guns.

c.     On or about January 4, 2008, **JEFFREY GREGORY** caused a co-conspirator to make false statements on an ATF Form 4473 in connection with the acquisition of a firearm.

d.     On or about January 4, 2008, a co-conspirator made false statements to an employee of Just Guns in connection with the acquisition of a firearm.

e.     On or about January 11, 2008, **JEFFREY GREGORY** and a co-conspirator picked up a firearm from Just Guns.

f.     On or about January 11, 2008, **JEFFREY GREGORY** took possession of a firearm from a co-conspirator.

g.     In or about January 2008, **JEFFREY GREGORY** provided a quantity of narcotics to a co-conspirator in exchange for that co-conspirator's helping **JEFFREY GREGORY** to acquire a firearm from Just Guns.

h.     On or about July 8, 2008, **JEFFREY GREGORY** accompanied a co-conspirator to Just Guns.

i.      On or about July 8, 2008, **JEFFREY GREGORY** selected and helped to select a firearm that a co-conspirator would assist him in obtaining from Just Guns.

j.      On or about July 8, 2008, **JEFFREY GREGORY** caused a co-conspirator to make false statements on an ATF Form 4473 in connection with the acquisition of a firearm.

k.      On or about July 8, 2008, a co-conspirator made false statements to an employee of Just Guns, in connection with the acquisition of a firearm.

l.      · On or about July 17, 2008, **JEFFREY GREGORY** and a co-conspirator picked up a firearm from Just Guns.

m.      On or about July 17, 2008, **JEFFREY GREGORY** took possession of a firearm from a co-conspirator.

n.      In or about July 2008, **JEFFREY GREGORY** provided a quantity of narcotics to a co-conspirator in exchange for that co-conspirator's helping **JEFFREY GREGORY** to acquire a firearm from Just Guns.

o.      On or about February 24, 2009, **JEFFREY GREGORY** accompanied a co-conspirator to Christian Soldier.

p.      On or about February 24, 2008, **JEFFREY GREGORY** selected and helped to select a firearm that a co-conspirator would assist him in obtaining from Christian Soldier.

q.      On or about February 24, 2008, **JEFFREY GREGORY** caused a co-conspirator to make false statements on an ATF Form 4473 in connection with the acquisition of a firearm.

r.      On or about February 24, 2009, a co-conspirator made false statements to an employee of Christian Soldier, in connection with the acquisition of a firearm.

5

s.     On or about March 14, 2009, **JEFFREY GREGORY** and a co-conspirator picked up a firearm from Christian Soldier.

t.     On or about March 14, 2009, **JEFFREY GREGORY** took possession of a firearm from a co-conspirator.

u.     In or about February-March 2009, **JEFFREY GREGORY** provided a quantity of narcotics to a co-conspirator in exchange for that co-conspirator's helping **JEFFREY GREGORY** to acquire a firearm from Christian Soldier.

18 U.S.C. § 371

## COUNT TWO
### (False Statements in Connection with the Acquisition of a Firearm)

The Grand Jury for the District of Maryland further charges:

On or about July 8, 2008, in the District of Maryland,

## JEFFREY GREGORY,

the defendant herein, in connection with the acquisition of a firearm, to wit: one Ruger .45 caliber

firearm, serial number 664-69157, from Just Guns, a federal firearms licensed dealer, knowingly

made and aided and abetted the making of a false and fictitious written statement to Just Guns, which

statement was intended to and likely to deceive Just Guns, as to a fact material to the lawfulness of

such acquisition of the said firearm under chapter 44 of Title 18, United States Code, in that the

person making the statement represented that she was the actual buyer/transferee of the firearm and

was not acquiring the firearm on behalf of another person, when in fact, as the person making the

statement then well knew, the person making the statement was not the actual buyer/transferee of

the firearm and was acquiring the firearm on behalf of another person.

18 U.S.C. § 922(a)(6)

18 U.S.C. § 2

## COUNT THREE
### (False Statements With Respect to Licensed Dealer Records)

The Grand Jury for the District of Maryland further charges:

On or about July 8, 2008, in the District of Maryland,

### JEFFREY GREGORY,

the defendant herein, knowingly made and aided and abetted the making of a false statement and

representation to Just Guns, a dealer licensed under the provisions of Chapter 44 of Title 18, United

States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United

States Code, to be kept in the records of Just Guns, in that the person making the statement

represented that she was the actual buyer/transferee of a firearm and was not acquiring the firearm

on behalf of another person, when in fact, as the person making the statement then well knew, the

person making the statement was not the actual buyer/transferee of the firearm and was acquiring

the firearm on behalf of another person.

18 U.S.C. § 924(a)(1)

18 U.S.C. § 2

## COUNT FOUR
### (Possession of a Firearm by Previously Convicted Felon)

The Grand Jury for the District of Maryland further charges:

On or about February 4-5, 2009, in the District of Maryland,

## JEFFREY GREGORY,

the defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: one Springfield .40 caliber firearm, serial number US222668, in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE
**(False Statements in Connection with the Acquisition of a Firearm)**

The Grand Jury for the District of Maryland further charges:

On or about February 24, 2009, in the District of Maryland,

### JEFFREY GREGORY,

the defendant herein, in connection with the acquisition of a firearm, to wit: one Glock .40

caliber firearm, serial number MRZ695, from Christian Soldier, a federal firearms licensed

dealer, knowingly made and aided and abetted the making of a false and fictitious written

statement to Christian Soldier, which statement was intended to and likely to deceive Christian

Soldier, as to a fact material to the lawfulness of such acquisition of the said firearm under

chapter 44 of Title 18, United States Code, in that the person making the statement represented

that she was the actual buyer/transferee of the firearm and was not acquiring the firearm on

behalf of another person, when in fact, as the person making the statement then well knew, the

person making the statement was not the actual buyer/transferee of the firearm and was acquiring

the firearm on behalf of another person.

18 U.S.C. § 922(a)(6)

18 U.S.C. § 2

## COUNT SIX
### (False Statements With Respect to Licensed Dealer Record)

The Grand Jury for the District of Maryland further charges:

On or about February 24, 2009, in the District of Maryland,

### JEFFREY GREGORY,

the defendant herein, knowingly made and aided and abetted the making of a false statement and representation to Christian Soldier, a dealer licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Christian Soldier, in that the person making the statement represented that she was the actual buyer/transferee of a firearm and was not acquiring the firearm on behalf of another person, when in fact, as the person making the statement then well knew, the person making the statement was not the actual buyer/transferee of the firearm and was acquiring the firearm on behalf of another person.

18 U.S.C. § 924(a)(1)

18 U.S.C. § 2

## COUNT SEVEN
### (Possession of a Firearm by Previously Convicted Felon)

The Grand Jury for the District of Maryland further charges:

On or about March 14, 2009, in the District of Maryland,

### JEFFREY GREGORY,

the defendant herein, having been convicted of a crime punishable by imprisonment for a term

exceeding one year, did knowingly possess a firearm, to wit: one Glock .40 caliber firearm, serial

number MRZ695, in and affecting commerce.

18 U.S.C. § 922(g)(1)

_____
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 6-25-13