The United States District Court for the District of Maryland

The United States

v.                                    Case # JFM-13-0334

Jeffery Gregory

## Motion to Dismiss Indictment for Compelling testimony and, Self-Incrimination

Comes now the defendant Jeffery Gregory Pro Se, and Pursant to the Fifth-amendment, And XIV amendment of the United States Constitution request that this court grant the defendants motion to dismiss indictment with prejudice in suport there of dose offer the following.

### Charges Describe as:

( 18 USC 971, False Statements in connection with the acquisition of a firearm, 18 USC 922(a)(6) False Statements with respect to Licensed dealer records,

18 USC 924(a)(1) Possession of a firearm by a previously Convicted felon, 18 USC 922(g)(1) aiding and abetting, 18 USC 2)

(1)

Comes now, defendant Jeffery Gregory ask this Court to dismiss this indictment for V and XIV amendment Violations. The Violation are as Compelling testimony and Self-incrimination. With are protected by V and XIV amendment right. With the right attaches only if a Person compell testimony is incriminating, Supreme Court Lawyer's Edition Witness § 79, 84 - Self-incriminating - Statutory immunity.

(2)

The Supreme Court held that Compelling testimony is Self-incriminating if reasonable cause exists to believe that the testimony would either support a conviction or provide a link in a chain of evidence leading to a conviction, Which in this Case it would do Just that. The defendant and his attorney had a Plae agreement hearing also Proffer hearing with the goverment Prosecuting attorney, U.S. Marshal's, and goverment agent's in the hearing, the goverment ask incriminating question that pose Substantial and real evidence about guns the defendant Was in Possession of in his first indictment, now

about or around 5 years ago. Which came from a straw purchase. The straw purchase was known to the goverment, U.S. Marshal's and goverment agent's at the proffer hearing. At this hearing the goverment prosecutor, marshal's and goverment agent's took note's at this proffer hearing, at this hearing the prosecutor, U.S. Marshal's and goverment agent's discuss how the defendant got in possession of the gun's the defendant got in possession of the guns, the defendant ask the prosecutor, then his attorney would this testimony hurt me in a prosecution, the prosecutor said no it would not hurt the defendant in no prosecution, Also the prosecutor had the defendant ride in the car with goverment agent's, Marshal's to some narcotic suppliers home's. The goverments Prosecutor said the defendants testimony and help in other case's would not hurt the defendant in a prosecution, and that the goverment would not prosecute the defendant in these crimes, nor no other crime link to this proffer hearing. However this evidentiary bar dose not apply to statements made in plea discussion to goverment agent's who are not prosecuting attorney's "Unless they are acting with authority delegated by federal prosecutor."

(3)

Now, a new prosecuting attorney appeared and apparently being ignorant of his colleague's commitment to prosecute. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or, consideration such promise must be fulfilled. (Federal Rule of Criminal Procedure) (Georgtown Joural annual review)(2012). Also (Bribery of official and witnesses 18 USC. Sec. 201(c)).

(4)

The defendant, also told the goverment he would comply with a subpoena from the goverment to testify on any matter on which the defendant lawfully made in investigation, or proffer hearing conducted by the goverment prosecutor. The goverments new prosecutor should known through due dilligance about the defendant 5K1.1 agreement with goverment by providing the goverment, U.S. marshal, and goverment agents with "Substantial assistance" Like this straw purchase in this new indictment made from defendants compell testimony, with was incriminating to defendant At this proffer hearing. The constitutional law prohibited from depriving a person of due process of law. (U.S. Constitution Artical IV Section 2.) The Citizens of each State "Shall" be intitled to all privileges and immunities of citizens in the Several States, amendment XIV Nor, deny to any person with its jurisdiction the equal protection of the laws.

(5)

Now, The defendant respectfully ask the Court to subpoena all documents from the proffer hearing and plea agreement talks, with all note's from goverments prosecutor, US Marshal's and goverment agent's also recording from the hearing, So the defendant May prove to the Court the prosecutor/goverments intent in this indictment is unconstitutional.

Manipulation by a prosecutor is prohibite by law, the Supreme Court has suggested that federal and State authorities may not Manipulate a system to achieve the equivalent of a Second prosecution.

(6)

The defendant is serving a federal Sentence now in the eastern district of North Carolina, Butner Low Security for 922(g) that sentence is now over, now the defendant has started the 924(c) and aiding and abetting. The defendant has now been sent back to the district of Maryland, to face more charges in federal Court from the same conduct from the first criminal indictment, This violates the V amendment right also, it unconstitutional, of the goverment to do so. The defendant provided a link in a chain of evidence, that was incriminating, that itself "Merit V amendment protection" repeated attempts to

convict with consequent subject the defendant to embarrassment, expense anxiety and insecurity that he may be found guilty even though inncents primary to be guarded against is successive prosecution that is just perjudice toward the defendant, also pre-indictment delay.

(17)

Defendant hereby moves this Court to enter an order dismissing this indictment herein, "with prejudice", as being sufficient as a matter of law.

Case # JFM-13-0334
Office of the United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201

United States Clerk of Court
101 Lombard Street
Baltimore, Maryland 21202

This the 9 day of October 2013

Respectfully Submitted

*Jeffery A. Gregory* (signature)

Jeffery A. Gregory
Pro se

Chesapeake Detention Facility
401 East Madison Street
Baltimore, Maryland 21202

Jeffery Gregory F-16031
Chesapeake Detention Facility
401 East Madison Street
Baltimore, Maryland 21802

BALTIMORE MD 212
10 OCT 2013 PM 6 L

United States Clerk of Court
101 Lombard Street
Baltimore, Maryland 21202

212021GG90i