In the United States District Court for
The District of Maryland

United States

vs.                         Case No. # JFM-13-0334

Jeffery Gregory

*       *       *       *       *

## Defendants Motion to Dismiss for Outrageous government Conduct.

Comes, now the Defendant, Jeffery Gregory, pro se, and pursuant to federal rules of Criminal procedures, rule 12, and United States Constitution, 5th Amendment, 14th Amendment, do hereby request this Honorable Court dismiss the indictment in this Case with perjudice for Outrageous government Conduct, and in Support thereof dose offer the following:

The government's use of false Statements, and perjured testimony

The Defendant asserts that the government's knowing use of false statements, and perjured testimony to prosecute is a direct violation of the Defendants **5 Amendment** right to a fair trial, **14 Amendment**, Equal protection under the law.

The government's witness, alleged Co-Conspirator, Laura L. Staigerwald, has made several prior statements to law enforcement that were/are totally inconsistant, and contradicts that to which the government now, alleges in the indictment. See discovery material from Case, JFM-10-024.

These prior inconsistant, and contradictory statements made by the governments witness, Laura L. Staigerwald, were in the possession of the government/prosecutor prior to the grand Jury's indictment of the Defendant for the conspiracy offense. The official police reports from the Baltimore County police department, along with the investigation of "ATF", will not support the now, alleged offense of conspiracy.

These prior statement to law enforcement during the investigative phase of case, JFM-10-024, about firearms clearly contradicts what the government is now alleging in its statement of facts in Case JFM-13-0334, that will not support conspiracy. The Defendant assert that there must have been some encouragement on the part of the government to alter those prior statements, from some four, to five years prior to this indictment, for purpose of this prosecution at the investigative phase of the case. The witness alleged Co-Conspirator, Laura L. Staigerwald, was under no fear of indictment, or prosecution when she made those prior statements to law enforcement officers, however some time later, in the interview, some four to five years later with prosecutor, she has totally changed her prior statement for the purpose of this newly prosecution, Was there coercion, threats, pressure, inducement, or promises on the prosecutor part.

The due process clause of the fifth amendment is violated when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not atteched.

Whenever, the prosecutor learns of any perjury committed, before the grand Jury, he is under a duty in immediately inform the Court, and opposing Counsel, and if the perjury may be material, also the grand Jury in order that appropriate action may be taken. The Courts base its decision on a long line of Cases Which recognize the existence of a duty of good faith on the part of the prosecutor with respect to the Court, the grand Jury, and the defendant. While the facts of these Cases may not exactly parallel those of the instant Case, the Court hold that their rulings regarding the Consequences of a Violation, or abuse of this prosecutorial duty must be applied Where the prosecutor has knowledge that testimony before the grand Jury Was Perjured. See Mooney vs. Holohan, 294 U.S. 103, 79 L.Ed 791, 55 S.Ct. 340 (1935); Giles vs. Maryland, 386 U.S. 66, 17 L.Ed.2d 737, 87 S.Ct. 793 (1967); Napue vs. Illinois, 360 U.S. 264, 3L.Ed 1217, 79 S.Ct. 1173 (1959); Alcorta vs. Texas, 355 U.S. 28, 2L.Ed 9, 78 S.Ct. 103 (1957); Hysler vs. Florida, 315 U.S. 411, 86 L.Ed. 932, 62 S.Ct. 688 (1942); Pyle vs. Kansas, 317 U.S. 213, 87 L.Ed. 214, 63 S.Ct. 177 (1942).

The Defendant will proffer the evidence to this honorable Court, that the governments outrageous conduct by United States Assistant Attorney Michael Hanlon, will shock this honorable Court. (AUSA), Michael Hanlon, actions are a direct violation of the Defendants **5th Amendment right.** By misleading the grand Jury, and this Court, by knowingly using false statements, and manipulating tactics to indict, also manipulating (ATF) and Baltimore County Police official investigations reports.

Prior to this indictment, Case No. #JFM-13-0334 (ATF) U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearm, and Explosives, Conducted an investigation in Case No. #761055-10-0008. Thereafter, (ATF) Special agent Anthony W. Tolomeo, gave summary of events from a Joint Criminal investigation involving the Defendant. Attachments of evidence from the Joint investigation, along with statements from the alleged "Victim" Laura L. Staigerwald, but for purposes of this prosecution, some five years later Laura L. Staigerwald, has become the alleged "Co-Conspirator". The government was in possession of this information prior to this indictment.

The investigator's from the investigation will testify to these reports. For example, in a Supplement follow-up report, (cc #092280114). Dated August 16, 2009. Laura L. Staigerwald, around 0930 hours called pc-7, and spoke to officer Roberts #4097. Laura L. Staigerwald, advised that she used to own a .45 Ruger, and lost the gun a year ago when she was evicted from eastgate town home. Laura L. Staigerwald, didn't report the .45 Ruger missing because she didn't think it was important and the gun is valued to be at $550.00. The investigating officer was Kemp ID #3547. 8/16/09. See, Exhibit. A

Thereafter, another, report on August 16, 2009. approx. 1000 hours, the last known registered owner of the Ruger handgun, "Victim Laura L. Staigerwald, explained that she lost, or misplaced the gun in a move approx. 1 year ago after being evicted. Victim, Laura L. Stigerwald, added that she never reported it lost, or stolen, because she did not think she had too." Victim Laura L. Staigerwald, did say that the Ruger handgun was valued at approx. $550.00. and that she did not give permission for the Defendant to possess it. See Exhibit. B. "Continuation report."

Arresting officer, Kemp ID #.3547. at PC-7 will solemnly affirm under the penalties of perjury that the matters, and facts set fouth in the documents are true. Also officers George Robertson #4892, and Greg Roberts # 4097, will testify to the reports.

On September 23, 2009. investigating officer M. Crumbacker, ID # 2899. Reported on september 23, 2009. at approximately 10:30 a.m. Mr. Sen walked into the Cockeysville precinct with a handgun he said he found on the side of the road on September 12, 2009. Mr. Sen advised he could not explain why he didn't call the police, and waited so long to turn the gun over to police. Mr. Sen stated the gun was a Springfield armory, Serial # US 222668. Mr. Sen advised the gun was black in color, and did not have a magazine with it. A check through MAESS provided owner information. Thereafter, officer M. Crumbacker, contacted ms. Staigerwald, she advised her gun was stolen when she was evicted the past year ago (along with another gun that has been recovered by an unknown officer) and that she never reported them stolen." Ms. Staigerwald, also stated she was currently unemployed, and indicated 'She would like to get the gun back so she could **sell it because she needs the money**'"

Officer, M. Crumbacker advised his investigation was over. See, Exhibit. C. Officer, M. Crumbacker, ID #. 2899. Will also, testify to his investigation, about the Victim, Laura L. Staigerwald, handguns from his report.

The Bureau of Alcohol, Tobacco, Firearms, and Explosive (ATF) and the Baltimore County Police Department, had initiated a Joint Criminal investigation involving the Defendant, for federal prosecution, relative to his August 16, 2009 arrest.

During the week of October 26, 2009, (ATF) Special Agent Anthony Tolomeo, reviewed the investigation reports. Agent Anthony Tolomeo, noted: on August 16, 2009 at approximately 9:30–10:00 a.m. the last known registered owner of the Ruger, Model P345, .45 Caliber, Serial Number 66469157, "Laura L. Staigerwald, stated to Officer Roberts, that she lost/misplaced the aforementioned firearm during a move approximately one (1) year ago.' When asked why she never reported the firearm lost, or stolen Ms. Staigerwald, said she did not think it was necessary.'"

Moreover, September 23, 2009. 10:30 a.m. "John Sen Walked into the Cockeysville precinct, and presented a handgun that he stated he found." The officer reported that the firearm was a Springfield Armory, Model XD-40, Serial Number US222668. Through a check of MAFSS, Laura L. Staigerwald, was found to be the last legel owner of the firearm as well. Thereafter, (ATF) Special agent Anthony Tolomeo, stated the firearm was stolen during the same move one year ago. Special agent Tolomeo's investigation continued, See attachment: A-FF, of the report. Special agent, Anthony Tolomeo, and resident agent in charge, Scott C. Curley, will testify to this report and investigation, in this matter. See, Exhibit. D

The Defendant asserts the statements made by the alleged Co-Conspirator, Laura L. Staigerwald, is proof beyond doubt that the prosecutorial policy to prosecute the Defendant for Conspiracy is "invidious or in bad faith" "The fourth Circuit has held that an alleged Co-Conspirator's statements may be considered in determining the existence of the Conspiracy" United State vs. Neal, 78 F.3d at 905. Citing United States vs. Shores, 33 F.3d 438, 443 n.4 (4th Cir. 1994); United States vs. Blevins, 960 F.2d at 1255.

Is it possible, that the United States Assistant Attorney Michael Hanlon, Coerced, used threat tactics, or even force Ms. Staigerwald, to act, or think in a given way by pressuring her, or Just intimidating, or to promise not to prosecute her in State Charges.

The Defendant asserts that at the Completion of the Baltimore County, and (ATF) Joint investigation, Assistant United States Attorney Kwame J Manley, upon review of investigative reports, indicted the Defendant on federal narcotics, and firearms violations, See Case No.# JFM-10-024. The Defendant plead guilty to felon in possession in violation of 18 U.S.C. 922(g)(1), 924(c), and aiding and abetting. The Defendant was thereafter, Sentenced to the "B.o.P." The Defendant is currently Serving his prison Sentence, for his Conduct.

The Defendant asserts Assistant United States Attorney Michael Hanlon, has brought new Charges, after the Defendant has been prosecuted for Relative Firearm offense, Michael Hanlon, has manipulated, (ATF), and Baltimore County official investigation reports for purposes of reopening former, Assistant United States Attorney Kwame J. Manley,

prosecution/case, for purpose of prosecuting the Defendant for "exercising a Constitutional right to have Charges dismissed in Towson, Maryland." The governments discovery will Support the Defendants Claim, JFM-13-0334. See, Exhibit. E, for the dismissal from Towson, Circuit Court. Case No. # K11001099

    The Defendant assert, due process Clause prohibits a prosecutor from using Criminal Charges in an attempt to penalize a defendant for Validly exercising of Constitutional, or Statutory right, "Why Would the governments assistant United States attorney Michael Hanlon, attempt to punish the Defendant for exercising his right, to have a Charge dismissed that arose from Towson, Maryland." Case No # K11001099. The Charge Was Murder, that was dismissed With prejudice. Now, governments prosecutor Conduct affects the Defendants Substantial rights, So as to deprive the Defendant of his Constitution rights.

The Defendant declined "States prosecutor's" plea offer for Thirty (30) years for Second degree Murder. Thereafter, prosecutor Michael S. Fuller, Stated, if the Defendant refuse the prosecutors offer, he/prosecutor Fuller, would "Call in a favor", and have the federal prosecutor office, prosecute federally." See, Exhibit. F

Thereafter, the honorable Vicki Ballou-Watts, eventually dismissed the prosecutions indictment with prejudice, and the Defendant was returned to the federal Bureau of prison. Now, the Defendant had to return to the "BOP" Bureau of prison, with anxiety, and unsure if might be prosecuted for some other offense, because Defendant exercised a Constitutional right.

In harmony with other Courts, the fourt Circuit has consistently defined the phrase "Outrageous government Conduct" in narrow, and restrictive terms, Such as "Shocking, offensive to traditional notions of fundamental fairness." United States vs. Goodwin, 854 F.2d 37 (4th cir 1988).

## Certificate of Service

I, hereby Certify that on the 28 day of August 2014, a copy of the foregoing motion for Outrageous government Conduct, was mailed postage prepaid to: United States Attorney, 36 S. Charles Street, fourth floor, Baltimore, Maryland 21201.

Respectfully Submitted

*Jeffery [signature]*

Jeffery Gregory, pro se
401 East Madison Street
Baltimore Maryland 21202.

Chesapeake Detention facility
401 East Madison Street
Baltimore, Maryland 21202.