IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO: JFM 13-0334** |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFFREY GREGORY** | ) | |
| | ) | |
| | ) | |

## MOTION TO SUPPRESS STATEMENT OF DEFENDANT

Defendant Jeffrey Gregory, by and through his attorney Gary E. Proctor, hereby moves this Honorable Court, to Dismiss the Indictment. In support of this Motion, Mr. Gregory relies on the following facts, points, and authorities, and any additional facts, points, and authorities that may be raised at the hearing on this Motion.

## **FACTS**

Several individuals testified before the Grand Jury that ultimately indicted Mr. Gregory. T.K. testified before the Grand Jury on, April 30, 2013; S.C. testified before the Grand Jury on May 14th, 2013; and L.S. testified before the Grand Jury on May 7th, 2013.[1]

Detective Al Barton, a detective with the Baltimore County Police Department, testified before the Grand Jury on June 25, 2013. In that testimony he not only gave the Grand Jury evidence from his own investigation, but further answered questions from the Assistant United States Attorney regarding the Grand Jury transcripts of T.K., (p 8-21) S.C. (p 22-25) and L.S.. (p 31-55)

---

1  As this pleading is not being filed under seal, counsel is denoting the civilian witnesses solely by their initials.

1

It appears from the dialogue between the AUSA and Detective Barton, found on p. 8. that the AUSA provided Detective Barton with complete grand jury transcripts under Federal Criminal Procedure Rule 6 (e). The pertinent portion of this rule reads "Disclosure of a grand jury matter – other than that grand jury's deliberations or any grand juror's vote – may be made to: ...any government personnel – including those of a state...that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law." FRCP 6 (e)(3)(A)(ii). The contention in this case is not, as some of the cases discussed, whether Detective Barton is of the ilk of government personnel that may receive disclosure.  Rather, Defendant maintains that the exception pertains to the enforcement of federal criminal law, not as a matter of grand jury convenience.

## SUMMARY OF ARGUMENT

The claim by defense in this case is that the disclosure was not in furtherance of the attorney's duty to enforce criminal federal law, as required for disclosure. Rather, the disclosure was of the prohibited sort and the recitation of this testimony to the grand jury tainted the Grand Jury, and amounts to government misconduct.

A court may exercise its supervisory power to dismiss an indictment because of misconduct before the grand jury if the misconduct 'amounts to a violation of one of those few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions.' " United States v. Outlaw, 464 F. App' x 165, 167 (4th Cir. 2012) (quoting United States v. Williams, 504

U.S. 36, 46 (1992)). Here, very obviously, one of the few, clear, carefully drafted and approved rules was violated by the government.

## ARGUMENT

In order for Detective Barton to be considered "government personnel" in accordance with Rule 6 (e)(3)(A)(ii), he would have to be actively assisting the United States Attorneys in a grand jury investigation and working under their direction. *See* United States v. Evans, 526 F.2d 701, 707 (5th Cir. 1976). In Re William H. Pflaumer & Sons, Inc., 53 F.R.D. 464 (E.D.Pa. 1971) United States v. Evans, 526 F.2d 701 (5th Cir. 1976). However, in this case, while Detective Barton ultimately provided useful information to the United States Attorney's office, he was by no means working under its direction. In a portion of Grand Jury testimony, captured in pages 52-54, the AUSA asks directed questions regarding the procedural history of the case. In that portion of testimony, the AUSA asserts that it was, in fact, Detective Barton, along with the State's Attorney's Office who contacted his office. (p54, line 2-4). Detective Barton agrees with this characterization of the case. The entirety of Baltimore County's investigation into Mr. Gregory was conducted and concluded prior to Detective Barton contacting the United States Attorney's office. No further investigation was conducted once the contact was made. Therefore, Detective Barton is not properly considered one who was "actively" assisting the United States Attorney nor was he someone who was working under their direction. Instead, Detective Barton is most accurately considered "government personnel" who handed over an investigation to the United States Attorney's Office for

presentation to a grand jury.

The government has no obligation to discuss ongoing criminal investigations but instead is required to maintain the secrecy of grand jury proceedings. <u>United States v. Cox</u>, 575 F.3d 352, 358 (4th Cir. 2009). In this instance, the government did not maintain the secrecy of grand jury proceedings and instead, caused prejudice to Mr. Gregory when the Assistant United States Attorney shared secret grand jury transcripts with Detective Barton.

As a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants. <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250 (1988). Prejudice justifying dismissal of an indictment exists only where (1) the irregularity substantially influences the decision to indict or (2) there is grave doubt that the decision to indict was free from the substantial influence of such irregularities. <u>Id.</u> at 2374. In this case, the "irregularity" implicated by the prosecutorial misconduct discussed above is a violation of Rule 6(e)(2)(B)(vi), which imposes an obligation of secrecy upon an attorney for the government. Presentation of cumulative evidence likely inflamed the prejudices of the grand jury and thus substantially influenced the grand jury's decision to indict. The Court should be reminded that the indictment, in this case, is for several straw purchases of various firearms and possession of firearms, not for murder. The cumulative presentation of otherwise secret grand jury testimony by Detective Barton irreparably damaged the integrity of the grand jury proceeding and, as such, the indictment should be dismissed.

Finally, every first year law student knows that the suppression and dismissal law is to deter government misconduct. Suppressing a statement, for example, is not to reward the defendant that gave it, it is to deter the police from obtaining them in an improper manner. Here, our law, protects Grand Jury secrecy. This secrecy, obviously, should yield when someone testifies that a person in Montana is stockpiling arms. But it is not, and should not, be a vehicle to reveal what is said in confidence, merely to make a presentation more linear. While it is conceivable that Detetive Barton's testimony may have been more dysjointed, disclosure of witnesses S.C., T.K. and L.S. was by no means necessary "to enforce federal criminal law." Id. This Court should dismiss the indictment.

WHEREFORE, for the above reasons, and for any other reasons which may appear to the court, Defendant respectfully moves this Court to Dismiss the Indictment.

Respectfully submitted,

_____/s/_____
Gary E. Proctor
Bar Roll 27,936
The Law Offices of Gary E. Proctor, LLC
8 E. Mulberry St.
Baltimore, MD 21202
410-444-1500

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this February 24, 2015, a copy of the foregoing Motion to Dismiss was served on the Parties via ECF.

                                                  /s/
                                       Gary E. Proctor